UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD AMARAL, )
        Petitioner, )
         )
v. )
         )  CIVIL ACTION NO. 11-11041-RWZ
BRISTOL COUNTY SHERIFF THOMAS )
HODGSON, )
        Respondent. )

MEMORANDUM AND ORDER

ZOBEL, D.J.

On June 8, 2011, Petitioner Edward Amaral ("Amaral"), a prisoner in custody at the Bristol County Jail and House of Correction, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction in the New Bedford District Court. Amaral asserts due process challenges based on use of shackles on his legs during the jury impanelment, ineffective assistance of counsel, and an amended charge (an OUI-liquor count) without formal process.

Along with the petition, Amaral filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) and a Motion to Appoint Counsel (Docket No. 2).

DISCUSSION

I.    The Motion for Leave to Proceed *In Forma Pauperis*

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any

account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases.

In this case, although Amaral has submitted a financial Affidavit indicating he lacks sufficient funds to pay the $5.00 filing fee, he failed to submit a certified prison account statement as required. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is DENIED without prejudice.

If Amaral wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, he either must (1) pay the $5.00 filing fee; or (2) file a renewed motion to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure to comply with this directive may result in the dismissal of this action without prejudice.

The Clerk shall provide Amaral with a form Application to Proceed in District Court Without Prepaying Fees or Costs.

II.    Failure to Sign the Petition

Although Amaral submitted his petition on the standard § 2254 form, he neglected to sign the petition. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Court provides that the petition must be signed under the penalty of perjury.

Accordingly, along with the filing fee or an application to waive the filing fee, Amaral shall submit, within 21 days of the date of this Memorandum and Order, a petition signed under the penalties of perjury.

The Clerk shall send a copy of the unsigned petition (Docket No. 1) to Amaral for his signature and he shall return the signed pleading to the Court for refiling.

III.    The Motion for Appointment of Counsel

Amaral seeks appointment of counsel because he is unable to retain his own

counsel. Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255. Funds for representation are payable as prescribed in Criminal Justice Act. Appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B). The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003) (state prisoner had no right to counsel to collaterally attack sentence).

Here, while Amaral may be unable to afford counsel, he has not set forth any circumstances from which this Court could find it is in the interest of justice to appoint counsel under § 3006A. The petition does not appear to present complex or novel issues of law or fact, nor are there any personal characteristics of Amaral set forth that might justify counsel (as, for instance, the inability to understand the English language).

Accordingly, Amaral's Motion for Appointment of Counsel (Docket No. 2) is DENIED.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is DENIED without prejudice;

2. Within 21 days of the date of this Memorandum and Order, Petitioner either shall pay the $5.00 filing fee, or he shall file a renewed Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement, failing which, this action may be dismissed;

3. Within 21 days of the date of this Memorandum and Order, Petitioner shall re-file a signed habeas petition;

4. Petitioner's Motion for Appointment of Counsel (Docket No. 2) is <u>DENIED</u>; and

5. The petition shall not be served pending resolution of the filing fee issue and the filing of a signed petition. Upon resolution of this matters, a Service Order shall issue directing service of the petition and a response by the Respondent.

SO ORDERED.

                          <u>/s/ Rya W. Zobel</u>
                          RYA W. ZOBEL
                          UNITED STATES DISTRICT JUDGE

DATED: June 20, 2011